Case Number: CACE-20-016229 Division: 05
Filing # 114307991 E-Filed 10/01/2020 09:59:30 PM

# IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

MARIA E. ORTIZ,

    Plaintiff,

vs.

WALMART INC., and
JOHN DOE,

    Defendants.

_____/

## SUMMONS

**THE STATE OF FLORIDA:**
**To All and Singular the Sheriffs of said State:**

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Request to Produce and Interrogatories, in this action on the Defendant:

    WALMART INC.
    c/o C T Corporation System, Registered Agent
    1200 South Pine Island Road
    Plantation, FL 33324

    Each Defendant is required to serve written defenses to the Complaint or petition on **LAW OFFICES OF BERMAN & BERMAN, P.A.**, Plaintiff's attorney, whose address is **PO Box 272789, Boca Raton, FL 33427; Eservice: service@thebermanlawgroup.com**, telephone: (561) 826-5200, within twenty (20) days after service of this Summons on the Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

    Dated _____, 2020.

OCT 02 2020

Clerk of said Court

By:_____
As Deputy

**BRENDA D. FORMAN**

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/01/2020 09:59:27 PM.****

# EXHIBIT "A"

Filing # 114307991 E-Filed 10/01/2020 09:59:30 PM

Case Number: CACE-20-016229 Division: 05

# IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

MARIA E. ORTIZ,

    Plaintiff,

vs.

WALMART INC., and
JOHN DOE,

    Defendants.
_____/

## COMPLAINT

Plaintiff, MARIA E. ORTIZ, by and through undersigned counsel, hereby sues the Defendant, WALMART INC. and JOHN DOE, and states as follows:

### JURISDICTION, PARTIES & VENUE

1. This is an action for damages exceeding Thirty Thousand Dollars ($30,000.00) and within the Jurisdictional limits of this Honorable Court.

2. At all times material hereto, Plaintiff, MARIA E. ORTIZ, (hereinafter "Plaintiff"), was a resident of Broward County, Florida and is otherwise sui juris.

3. At all times material hereto, Defendant WALMART INC. (hereinafter "WALMART"), was and is a foreign corporation authorized to do and was so doing business in the State of Florida.

4. At all times material hereto, Defendant, WALMART, owned, maintained, and operated a supermarket/supercenter store (#1511) located at 1800 South University Drive, Miramar, Broward County, Florida (the "subject store").

5. At all times material hereto, Defendant, JOHN DOE (hereinafter "MANAGER"), was and is a resident of Broward County, Florida and is otherwise sui juris.

6. On or about October 26, 2019, the MANAGER was an employee of Defendant WALMART and was on duty at the subject store.

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/01/2020 09:59:27 PM.****

7. Venue is proper in Broward County, Florida because the Defendant WALMART's subject store is located in this county and the events that resulted in Plaintiff's injury that is the subject matter of this lawsuit occurred there.

## GENERAL ALLEGATIONS

8. On or about October 26, 2019, Plaintiff, was a business invitee, lawfully on the premises of the subject store that is open to the public.

9. On or about October 26, 2019, Plaintiff, while walking in the subject store, was caused to slip and fall due to a slippery substance that existed on the floor in the subject store. Plaintiff believes the substance was a grape.

10. The slippery substance that caused Plaintiff to fall constituted a dangerous condition.

11. As a result of the Defendants' failure to properly maintain the subject store and/or warn of the dangerous condition, Plaintiff suffered serious injuries.

12. All conditions precedent to the filing of this Complaint have been satisfied, met, and/or waived.

## COUNT I – PREMISES LIABILITY NEGLIGENCE AGAINST WALMART

13. Plaintiff adopts and realleges paragraphs 1 through 12 as if set forth herein in fill and further alleges:

14. Defendant WALMART as the Owner of the subject store owed business invitees, such as Plaintiff, a duty of reasonable care to maintain its premises in a reasonably safe condition, to correct dangerous conditions about which WALMART knew or should have known, and to warn business invitees such as Plaintiff of dangerous conditions about which it had superior knowledge. This included the duty to ensure that the facilities and structures were operational and reasonably safe for use by the public at large, including Plaintiff.

15. Defendant WALMART knew or should have known that the failure to keep the aisles free and clear of objects and/or debris that a business invitee could slip on presented a hazardous condition and a danger to business invitees visiting the subject store.

16. By and through its agents, Defendant WALMART breached its duty of care by negligently maintaining the subject premises in one of more of the following ways:

   a. by failing to provide proper maintenance and care of the subject store;
   b. by creating a dangerous condition on the subject premises;
   c. by allowing the unsafe and hazardous condition to exist in the subject store, which business invitees, such as the Plaintiff, would walk near and around, thereby creating an unsafe, dangerous and hazardous condition;
   d. by failing to correct or remedy the dangerous and hazardous condition, although WALMART, knew, or in the exercise of reasonable care should have known, of the existence of unsafe and hazardous condition;
   e. by representing to its business invitees, including Plaintiff, that its premises was safe and suitable when, in fact, it was not;
   f. by failing to provide adequate warnings and/or other reasonable notice of the unsafe, dangerous, and hazardous condition to its business invitees, including Plaintiff, although, WALMART, knew, or in the exercise of reasonable care, should have known of the existence of said condition;
   g. by failing to have policies and procedures in place to adequately address preventing or remedying hazardous conditions such as the one described herein; and
   h. by failing to adequately train and/or supervise personnel at its stores, including the subject store, in maintaining a safe store and/or to remedy hazardous conditions such as the one described herein.

17. The hazardous condition caused by leaving objects and/or debris on the floor that business invitees can slip on had existed for a sufficient length of time for the Defendant WALMART to have had constructive knowledge of the hazard.

18. Defendant WALMART's knowledge regarding the dangerous condition presented by the objects and/or debris left on the floor was superior to the Plaintiff's knowledge.

19. As a direct and proximate result of the aforementioned negligence of WALMART, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and related care and treatment, loss of earnings, loss of ability to earn money, and/or an aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff MARIA ORTIZ demands judgment against Defendant WALMART in an amount in excess of Thirty Thousand ($30,000.00) Dollars, plus taxable costs, interest, and whatever other relief is permissible under the Laws of Florida.

### COUNT II - NEGLIGENCE AGAINST DEFENDANT STORE MANAGER

20. Plaintiff adopts and realleges paragraphs 1 through 12 as if set forth herein in fill and further alleges:

21. Defendant MANAGER, as the store manager for WALMART, owed a duty to Plaintiff, to maintain and keep the subject store in a reasonably safe condition and to warn Plaintiff of the existing unsafe and hazardous condition he knew or, in the exercise of reasonable care, should have known about.

22. Defendant MANAGER, as the store manager of the subject store, breached its duty of care and acted in a negligent and careless manner, in one or more of the following ways:

    a. by failing to provide proper maintenance and care of the subject store;

    b. by creating a dangerous condition on the subject premises;

    c. by allowing the unsafe and hazardous condition to exist in the subject store, which business invitees, such as the Plaintiff, would walk near and around, thereby creating an unsafe, dangerous and hazardous condition;

d. by failing to correct or remedy the dangerous and hazardous condition, although he knew, or in the exercise of reasonable care should have known, of the existence of unsafe and hazardous condition;

e. by failing to provide adequate warnings and/or other reasonable notice of the unsafe, dangerous, and hazardous condition to its business invitees, including Plaintiff, although he knew, or in the exercise of reasonable care, should have known of the existence of said condition;

f. by failing to have policies and procedures in place to adequately address preventing or remedying hazardous conditions such as the one described herein; and

g. by failing to adequately train and/or supervise his personnel in the subject store in maintaining a safe store and/or to remedy hazardous conditions such as the one described herein.

23. Defendant MANAGER knew or should have known that the subject store aisles, if not properly inspected, cleaned, and maintained was hazardous to business invitees, including Plaintiff.

24. Defendant MANAGER's knowledge regarding the dangerous condition presented by the objects and/or debris left on the floor was superior to the Plaintiff's knowledge.

25. The hazardous condition described herein was created by or known to the Defendant MANAGER, or had existed for a sufficient length of time so that he should have known of its existence.

26. As a direct and proximate result of the aforementioned negligence of MANAGER, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and related care and treatment, loss of earnings, loss of ability to earn money, and/or an aggravation

of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff MARIA E. ORTIZ demands judgment against Defendant JOHN DOE in an amount in excess of Thirty Thousand ($30,000.00) Dollars, plus taxable costs, interest, and whatever other relief is permissible under the Laws of Florida.

## COUNT III – VICARIOUS LIABILITY AGAINST WALMART

27. Plaintiff adopts and realleges paragraphs 1 through 12 as if set forth herein in fill and further alleges:

28. At all times material hereto, MANAGER was an agent, apparent agent, servant, employee, and/or independent contractor of WALMART and was acting within the scope of that position to further WALMART's business interests when he negligently caused an unreasonably dangerous condition to exist at WALMART's subject store.

29. At all times material hereto, MANAGER was acting within his scope of work with WALMART so that he may advance WALMART's business interests and WALMART is therefore vicariously liable for the negligence and damages caused by MANAGER while operating WALMART's subject store.

30. As a direct and proximate result of the aforementioned negligence of MANAGER, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and related care and treatment, loss of earnings, loss of ability to earn money, and/or an aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff MARIA ORTIZ demands judgment against Defendant WALMART in an amount in excess of Thirty Thousand ($30,000.00) Dollars, plus taxable costs, interest, and whatever other relief is permissible under the Laws of Florida.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

DATED this 1st day of October, 2020.

                            THE LAW OFFICES OF
                            BERMAN & BERMAN, P.A.
                            *Attorneys for Plaintiff*
                            Post Office Box 272789
                            Boca Raton, FL 33427
                            Tel: (561) 826-5200
                            Fax: (561) 826-5201

                            By: /s/ *Jesse S. Fulton*
                            Jesse S. Fulton, Esq.
                            Florida Bar No.: 112495
                            service@thebermanlawgroup.com