UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 0:20-cv-62315-PCH

MARIA E. ORTIZ,

    Plaintiff,

vs.

WALMART, INC. and JOHN DOE,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR REMAND**

Plaintiff, MARIA E. ORTIZ ("Plaintiff"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1447, files this Motion for Remand and Incorporated Memorandum of Law seeking an Order from this Court remanding the case back to the Seventeenth Judicial Circuit Court of Broward County, Florida, and states as follows:

**I.**    **Background**

1.    This matter involves a lawsuit filed by Plaintiff against Defendants WALMART, INC. ("WALMART") and JOHN DOE (together, "Defendants") in the Circuit Court of Broward County, Florida. The state court complaint was filed on October 1, 2020. [DE 1-1]. The state court complaint identifies Defendant JOHN DOE (hereinafter "MANAGER") as the manager of the Walmart store on the day Plaintiff was injured. WALMART's Notice of Removal [DE 1] identifies the JOHN DOE in the state court complaint as Hector Romero. [DE 1, fn. 2].

2.    The complaint alleges that Defendants were negligent in allowing a slippery substance to remain on the floor of their premises, the Walmart store located at 1800 South University Drive, Miramar, Broward County, Florida (the "subject store"), without cleaning up

1

or warning business invitees of the danger posed by the slippery substance. The substance caused Plaintiff to slip and fall and suffer injuries. Defendant MANAGER (who we now know is Hector Romero), was the store manager of the subject sore on the date of the incident, October 26, 2019.

3. As the store manager, Defendant MANAGER (Hector Romero) was responsible for the maintenance, cleanliness, safety and operations of the subject store on the day Plaintiff was injured. Defendant MANAGER (Hector Romero) owed Plaintiff duties to use reasonable care in the inspection, maintenance, repair and cleaning of the subject store and a duty to use reasonable care to warn business invitees such as Plaintiff of any dangerous and unsafe conditions. Plaintiff alleges that Defendant MANAGER (Hector Romero) breached those duties. Plaintiff has alleged in the complaint that Defendant MANAGER (Hector Romero) was and is a resident of Broward County, and this Court lacks jurisdiction because Defendant MANAGER (Hector Romero) is a non-diverse Defendant.[1]

4. On November 13, 2020 Defendant WALMART filed its Notice of Removal [DE 1]. Not until twenty-four days later, on December 7, 2020, did WALMART file in support of its Motion to Remand the Declaration of Hector Romero [DE 5-1], in which Mr. Romero states that he was the "sole Store Manager" on October 26, 2019, as well as other conclusory statements. [DE 5-1].

5. WALMART'S Notice of Removal is based on 28 U.S.C. § 1332, 1441, 1446 and Rule 81(c), Fed. R. Civ. P. WALMART seeks removal first by arguing that the Court should not consider the citizenship of Defendant MANAGER because he was named in the complaint as a

---

[1] Defendant WALMART does not allege in its Notice of Removal that Hector Romero is not a resident of Broward County, and of Florida; nor does Mr. Romero allege so in his Declaration, which was only filed on December 7, 2020.

"John Doe", and second by arguing that Defendant MANAGER was fraudulently joined and there is therefore diversity of citizenship between the parties.

6. Addressing WALMART'S argument that the Court should not consider the citizenship of Defendant MANAGER because of his being named as a John Doe in the complaint, Plaintiff has filed contemporaneous with this Motion a Motion for Leave to File Amended Complaint to Substitute Party Defendant seeking to amend the complaint and replace JOHN DOE with Hector Romero.

7. As set forth more fully below, Plaintiff pled actual and active negligence against Defendant MANAGER (and proposes to plead such against Hector Romero in the Amended Complaint) based on Defendant MANAGER'S breach of his duty of care to Plaintiff. Defendant WALMART has not met its burden for establishing fraudulent joinder. Accordingly, this Court should grant the Motion and remand this case back to state court.

## MEMORANDUM OF LAW

**II.     Legal Standard**

8. Federal courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). A civil action may be removed from state court to federal court only where the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); *Darden v. Ford Consumer Fin. Co., Inc.*, 200 F.3d 753, 755 (11th Cir. 2000). A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The removing defendant bears the burden of establishing facts that support federal jurisdiction. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

9. "Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." *Total Fleet Solutions, Inc. v. Nat'l Ins. Crime Bureau, Inc.*, 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). Federal courts have a responsibility to "'zealously insure that jurisdiction exists over a case.'" *Krobatsch v. Target Corp.*, No. 20-81552-CIV; 2020 U.S. Dist. LEXIS 202662 (S.D. Fla. 2020) (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001)). Furthermore, a plaintiff's right to choose her forum carries more weight than a defendant's right to remove. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Williams v. AFC Enterprises, Inc.*, 389 F.3d 1185, 1189 (11th Cir. 2004) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

10. When removing defendants plead fraudulent joinder, they have the burden of supporting their claim with clear and convincing evidence. *Woods v. Firestone Tire & Rubber Co.*, 560 F. Supp. 588, 590 (S.D. Fla. 1983). "[W]here there is any substantial doubt concerning jurisdiction of the federal court on removal, the case should be remanded, and jurisdiction should be retained only where it is clear." *Id.* (citations omitted). The burden on a removing defendant alleging fraudulent joinder is a heavy one. *Hunt v. Target Corp.*, No. 14-80266CIV, 2014 U.S. Dist. LEXIS 54179 at *3-4 (S.D. Fla. April 18, 2014). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302 (11th Cir. 2001) (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983)).

11. As the *Krobatsch* court succinctly stated: "[t]he question in this case is simple: Could [the non-diverse defendant] be liable under Florida law for the Plaintiff's fall? If [the non-diverse defendant] could be, then his joinder to the Complaint was not fraudulent—and, because the parties would be non-diverse, the case could be remanded for lack of subject matter jurisdiction." *Krobatsch*, 2020 U.S. Dist. LEXIS 202662, *4-5.

12. In Florida, "the law is clear to the effect that officers of agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005). A plaintiff must allege and prove that the officer or agent owed a duty, and that duty was breached through personal (as opposed to technical or vicarious) fault, thus, the agent must be "actively negligent." *Krobatsch*, 2020 U.S. Dist. LEXIS 202662, *5-6 (citing *White*, 918 So.2d at 358) "[A] defendant's failure to act in circumstances in which a reasonable person would have acted can be evidence of such active negligence." *Krobatsch*, 2020 U.S. Dist. LEXIS 202662, *6.

### III.    Argument and Analysis

13. Plaintiff pled actual and active negligence against Defendant MANAGER (Hector Romero) and Defendants therefore cannot meet their burden of proving Defendant MANAGER (Hector Romero) was fraudulently joined in this action. To establish fraudulent joinder, the removing party has the burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. *See Sitwell v. Allstate Ins. Co.*, 663 F.3d 1329 (11th Cir. 2011). Additionally, "the claims against those defendants who are alleged to be fraudulently joined must be obviously frivolous,

5

and the mere possibility of stating a valid cause of action makes joinder legitimate." *Herrera v. Wal Mart Stores, Inc.*, No. 16-cv-61553; 2016 U.S. Dist. LEXIS 111528, at *5 (S.D. Fla. Aug. 19, 2016) (citations omitted). Overall, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant, he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Id.* (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

14. Here, WALMART has not met his high burden of proving by clear and convincing evidence that there is no possibility Plaintiff can establish a cause of action against Defendant MANAGER (Hector Romero).

15. Count II of Plaintiff's complaint clearly and unambiguously alleges that Defendant MANAGER (Hector Romero) "owed a duty to Plaintiff, to maintain and keep the subject store in a reasonably safe condition and to warn Plaintiff of the existing unsafe and hazardous condition he knew or, in the exercise of reasonable care, should have known about." [DE 1-1, ¶ 21]. Plaintiff's complaint alleges that Defendant MANAGER (Hector Romero) breached his duty of care by, inter alia, failing to provide proper maintenance and care of the subject store, failing to have policies and procedures in place to adequately address preventing or remedying hazardous conditions, failing to adequately train and/or supervise his personnel in the subject store, and failing to remedy a dangerous condition he should have known about. [DE 1-1, ¶ 22]. Had Defendant MANAGER (Hector Romero) exercised reasonable care in inspecting and maintaining the store and supervising and training his staff, the dangerous condition would have been discovered and steps could have been taken to eliminate or warn of the danger.

16. Florida recognizes a cause of action against employees of a company individually. *Herrera*, 2016 U.S. Dist. LEXIS 111528 at *7. "The law is clear to the effect that officers or

agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment. *Id.* (citing *White v. Wal-Mart Stores, Inc.*, 918 So.2d 357, 358 (Fla. 5th DCA 2005)).

17. In *Herrera*, this Court granted a Motion to Remand and found that an assistant manager of a Wal-Mart store was not fraudulently joined. In that case, the assistant manager was on duty and responded to plaintiff's fall. The assistant manager in *Herrera* swore in a declaration that although she was on duty, she had no knowledge of a grape that caused the plaintiff's fall. *Id.* at 8. The Court held that the manager's declaration concerning her lack of knowledge consisted of conclusory statements that "were insufficient to carry Defendants' burden of establishing fraudulent joinder." *Id.* at 8-9.

18. Hector Romero's Declaration fails to show that he was fraudulently joined. Mr. Romero's statements in his Declaration to the effect that he did not put any "grapes or alleged substance(s)" on the floor of the store [DE 5-1, ¶ 7], that he had no personal knowledge of the dangerous condition, or that he "was in no way involved in any events leading up to the alleged incident" [DE 5-1, ¶ 9] do not show Mr. Romero was not negligent in performing his inspection duties or his supervising duties. *See Krobatsch*, 2020 U.S. Dist. LEXIS 202662 at *11 ("But these disavowals suggest only that Hoffman didn't have *actual* notice. Under Florida law, however, the manager of a store can be liable if he has either actual or *constructive* notice."). In *Krobatsch*, this Court granted a motion to remand over sworn statements by the store manager addressing actual notice, but which did not address the question of constructive notice. *Id.* The manager "*could be* liable if he didn't know about the spill *precisely because* he was negligent in carrying out [his responsibilities to inspect, monitor and maintain the floor]—say, because, when one of his employees came to tell him about the spill, he was on a personal call, was out smoking

7

a cigarette, or had stayed too long on his lunch break." *Id.* at *12-13. The affidavit failed to tell whether the manager had ensured his employees had kept a look out for liquid, debris, objects and substances on the floor, "and, if he had, whether he did enough." *Id.* at *13. Thus, the conclusory statements in Mr. Romero's declaration regarding his actual notice or active participation in creating the dangerous condition cannot foreclose the possibility of his being liable under a theory of constructive notice, and cannot establish fraudulent joinder.

19. Mr. Romero's statement that "grapes, fruit, or other such produce" being on the floor where Plaintiff fell is "not a regular occurrence" and that he had "no reason to believe" that grapes or other produce were "likely" [DE 5-1, ¶ 10] to be on the floor where Plaintiff fell may partially address constructive notice, insofar as those statements addresses *one* way in which constructive notice could be established. However, these vague and conclusory statements do not make it impossible for Plaintiff to establish liability through constructive notice (even if grapes on the floor are not a common occurrence where Plaintiff fell, that does not mean that Defendant MANAGER (Hector Romero) was not negligent in inspecting the store or training and supervising the employees), and cannot establish fraudulent joinder.

20. Mr. Romero's statements regarding his "duties to Wal-Mart," including overseeing the training of other employees on safety policies and procedures, and his statement that his duties "did not require [him] to directly supervise or monitor each associate during every encounter with a potentially hazardous condition" contains so many caveats ("directly," "each associate," "every encounter") as to make it useless in describing his duties. First, the question here is not whether Mr. Romero breached his duties to Wal-Mart, but whether there is any possibility that Plaintiff can prove that Mr. Romero breached his duties to her. Just because, as he alleges in his Declaration, Mr. Romero may not have had to be personally present to supervise

8

*every* time a spill or other dangerous condition was cleaned up does not mean that he was not liable in this instance, for this dangerous condition, or that he could not be held liable for failing to properly train or supervise the employees.

21.     Mr. Romero's statements that he was not present in the subject store or on its premises from about 2:30 pm on the date of the incident should actually support Plaintiff's position. If, as he swears in his Declaration, Mr. Romero was the sole manager of the subject store on the date Plaintiff fell, and he left the premises at about 2:30 pm, then the subject store was left seemingly without anyone in charge for about four hours before Plaintiff's fall, which goes a long way towards proving Plaintiff's allegations that the manager was negligent in failing to provide proper maintenance of the store, in failing to have policies and procedures in place to prevent or remedy hazardous conditions, and in failing to adequately train and/or *supervise* his personnel—he was not even there to do any of those things, and apparently there was no other manager there at the time.[2]

22.     The federal cases do generally state that there is "'no recognized cause of action for an *in absentia* claim of negligent failure to maintain a store because Florida law requires that a corporate officer or agent be personally liable for negligence only if he or she participates in the tortious conduct.'" *Espinoza v. Target Corp.*, 2019 U.S. Dist. LEXIS 162640 (S.D. Fla. Sept. 23, 2019), quoting *Petigny v. Wal-Mart Stores E., L.P.*, 2018 U.S. Dist. LEXIS 193589 (S.D. Fla. Nov. 14, 2018). Though several federal cases in Florida have denied remand in part because

---

[2] Based on Mr. Romero's Declaration, either there was no manager present at the subject store for approximately four hours before Plaintiff's fall, or there was someone else in charge at the store at the time of the incident, possibly someone without the specific title "Store Manager," and Defendant's identification of Hector Romero as the "John Doe" manager referenced in the Complaint elevates form over substance in its attempt to be able to argue that because Mr. Romero was apparently absent from the store, he cannot be held liable. It may well be that there was another individual who would fit the functional description of the "John Doe" Defendant in the complaint, and who was present at the time of Plaintiff's fall, but who did not carry the title of "Store Manager." If so, Defendant WALMART knows who that person is, and their identify will be determined by Plaintiff in discovery.

the non-diverse store manager was not on the premises at the time of the incident, this logic is seriously undermined by the reasoning in *Krobatsch*. There remand was granted because plaintiff's allegations were sufficient to raise the possibility that the manager (who was, Plaintiff acknowledges, on duty at the time of the fall) was on constructive notice of the dangerous condition, and thus the possibility of a viable personal claim against him. *Krobatsch*, 2020 U.S. Dist. LEXIS 202662 at *12, 15. The *Krobatsch* Court reasoned that the manager could be responsible if, for instance, when one of the employees came to tell him about the spill, he was "out smoking a cigarette, or had stayed too long on his lunch break." *Id.* at *12-13. The *Krobatsch* Court allowed the possibility that the manager's absence from the location of the fall, and even potentially from the store itself ("stayed too long on his lunch break") could actually be the foundation for his personal responsibility. *See id.* Further, the conclusion that the mere absence of a manager from the store's premises, no matter how close in time to the incident, makes it impossible to hold them personally liable is not logical. If, as *Krobatsch* held, a manager can be personally involved in the tortious conduct merely by failing to adequately supervise employees such that he could have constructive knowledge of the dangerous condition, then a lapse in those duties could have occurred earlier in time from the incident, and the manager would not have had to have been present at the time of the incident in order to take part in the tortious conduct, i.e., the failure to supervise, that caused the fall.

23.     Defendant WALMART relies heavily on the case of *Petigny v. Wal-Mart Stores D., L.P.*, No. 18-23762-CIV; 2018 U.S. Dist. LEXIS 193589 (S.D. Fla. Nov. 14, 2018), which it calls "an almost identical slip-an-fall case." [DE 1, ¶ 32]. Almost identical except for the important fact that in *Petigny* the plaintiff had "failed to allege *any* constructive notice at all—had failed, in the Court's words, to assert that the manager 'knew **or should have known** about

the grapes being on the floor.'" *Krobatsch*, 2020 U.S. Dist. LEXIS 202662 at *15, quoting *Petigny*, 2018 U.S. Dist. LEXIS 193589 at *3. Thus, "nothing in *Petigny* should be taken to mean that a store manager cannot be liable *even where* (as here) the plaintiff *does* allege constructive ("should have known") notice. *Id.* Plaintiff here alleges constructive notice, and thus *Petigny* does not apply.

24. Failure to carry out certain responsibilities with reasonable care is the basis for a negligence claim against an individual store employee. *See White*, 918 So.2d at 358 (finding that a complaint alleged a claim against a store manager personally where it alleged that he was "directly responsible for carrying out certain responsibilities; that he negligently failed to do so; and that, as a result, [the plaintiff] was injured"); *Santacruz v. Target Corp.*, No. 8:09-cv-1565; 2009 U.S. Dist. LEXIS 136939, at *3 (M.D. Fla. Oct. 16, 2009) (finding that joinder was not fraudulent where plaintiff alleged that a store manager "was responsible for maintaining the store floor and doorway, and that he negligently failed to do so, resulting in Plaintiff's injury."). Like the plaintiffs in *White* and *Santacruz*, the Plaintiff here adequately pled negligence against Defendant MANAGER (Hector Romero) based on his failure to carry out his managerial responsibilities with reasonable care.

## CONCLUSION

25. Plaintiff's Motion to Remand should be granted as WALMART failed to establish that Defendant MANAGER (Hector Romero) was fraudulently joined, and Plaintiff's contemporaneously filed Motion for Leave to File Amended Complaint to Substitute Party Defendant should be granted, allowing Plaintiff to substitute Hector Romero for the "John Doe" Defendant in the complaint.

26. For the reasons set forth herein, this Court should deny WALMART'S request (contained in Defendant's Notice of Removal, DE 1, at fn. 1) that this Court dismiss Count II and III of the Complaint. Plaintiff has sufficiently stated a claim against Defendant MANAGER (Hector Romero) in the original Complaint, and continues to do so in the proposed Amended Complaint.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion for Leave to File Amended Complaint, grant Plaintiff's Motion to Remand this action to state court where it was originally filed, deny Defendant's motion to dismiss, and for such other relief as this Court deems just and proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1, movant hereby certifies that undersigned counsel has attempted to confer with defense counsel via email sent 12/14/20 at 11:01 AM in a good faith effort to resolve the issues raised in this Motion, but has been unable to do so.

Respectfully submitted this 14th day of December, 2020.

THE LAW OFFICES OF
BERMAN & BERMAN, P.A.
*Attorneys for Plaintiff*
Post Office Box 272789
Boca Raton, FL 33427
Tel: (561) 826-5200
Fax: (561) 826-5201


By: _____/s/ Zachary West_____
Zachary West, Esq.
Florida Bar No.: 71134
service@thebermanlawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will send a Notice of Electronic Filing to all parties of record.

             ____/s/ Zachary West_____
             Zachary West